16 F.3d 416
 24 Envtl. L. Rep. 20,804
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ORCHARD LANE ROAD ASSOCIATION; Shirebrook Homeowners
Association; Operation Breathe Deep; Dan L. Baker;
Michelle Dillon; Andre Duvall; Janet Duvall; Kerry Glanz;
Thomas Glanz; Harold Griffin; Margaret Griffin; Lee
McConnell; Mary McConnell; Patricia McElwaine; William
McElwaine; Joan Ritchie; Don Schelly; Jeannette
Schroeder; Michael Scott; Everett Straw; Faye Straw;
Brian Williams; Gloria Williams, Plaintiffs-Appellees,
v.
PETE LIEN & SONS, INC., Defendant-Appellant.
 No. 93-1245.
 United States Court of Appeals, Tenth Circuit.
 Jan. 24, 1994.
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 BROWN
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 In June 1991, plaintiffs filed suit for a declaratory judgment, injunctive relief, and damages against defendant Pete Lien & Sons, Inc. (Lien), a silica mining and processing company, for alleged violations of the open dumping and imminent hazard provisions of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. 6945(a),6972(a)(1)(B). The parties soon reached an agreement in principle on the open dumping claim, pursuant to which Lien would recondition three of the affected sites and plaintiffs would drop their claim. In the meantime, the district court denied Lien's motion for partial summary judgment on the imminent hazard claim. With the reconditioning undertaken, plaintiffs dismissed their entire suit and moved for attorneys' fees on the theory that their open dumping claim had been the catalyst for Lien's cleanup efforts. Lien opposed the motion and filed its own, seeking fees incurred in defending against the abandoned imminent hazard claim. The district court granted plaintiffs' motion and denied Lien's. Lien now appeals from these two rulings, as well as from the earlier denial of its motion for partial summary judgment. We affirm for the reasons to follow.
 
 
 4
 * Upon the conclusion of an action under the RCRA, the court "may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing party or substantially prevailing party, whenever the court determines such an award appropriate." 42 U.S.C. 6972(e). As the district court recognized, plaintiffs who have obtained relief from a defendant without a judicial determination on the merits may still be deemed prevailing parties for purposes of attorneys' fees, provided they satisfy the "catalyst test"[2] by showing "(1)that [their] lawsuit is causally linked to securing the relief obtained and (2)that the defendant's conduct in response to the lawsuit was required by law." Collins v. Romer, 962 F.2d 1508, 1512 (10th Cir.1992)(internal quote omitted).
 
 
 5
 "The first of these findings we review under the clearly erroneous standard and the second we review de novo." Luethje v. Peavine Sch. Dist., 872 F.2d 352, 354 (10th Cir.1989). Applying these standards, and considering the arguments asserted and materials submitted by the parties, we conclude that the district court properly determined plaintiffs to be prevailing parties entitled to a statutory fee award in connection with their open dumping claim.
 
 
 6
 In setting the amount of the award, the district court accepted the lodestar figure plaintiffs' counsel had sought and supported with affidavits, but reduced it by two-thirds to reflect the limited, albeit significant, success achieved by the lawsuit. See App. tab E at 34-35. We review this determination solely for an abuse of discretion. Aguinaga v. United Food & Commercial Workers Int'l Union, 993 F.2d 1480, 1481 (10th Cir.1993).
 
 
 7
 Lien does not challenge the accuracy of plaintiffs' supporting affidavits, but objects only that they do not provide an adequate basis for allocating particular hours to plaintiffs' successful and unsuccessful claims. However, given the interrelatedness of the claims asserted,[3] the district court had the discretion "to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff[s]." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789-90 (1989)(citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983))(emphasis added); see, e.g., Iqbal v. Golf Course Superintendents Ass'n, 900 F.2d 227, 228 (10th Cir.1990). We discern no abuse of discretion here.
 
 II
 
 8
 Lien's motion for partial summary judgment on the imminent hazard claim was denied on January 8, 1992. Plaintiffs' unopposed motion to voluntarily dismiss their complaint was granted on May 3, 1993, and the action was dismissed on May 25, 1993. Plaintiffs insist, and the district court appears to have agreed, see App. tab E at 36, that at that point, the partial summary judgment matter ceased to remain a live controversy. Consequently, plaintiffs argue, the matter is no longer subject to judicial consideration. We agree. " '[V]oluntary dismissal of a suit ... vitiat[es] and annull[s] all prior proceedings and orders in the case, ... terminating jurisdiction over it for the reason that the case has become moot.' " Oneida Indian Nation v. Oneida County, 622 F.2d 624, 629 n. 7 (2d Cir.1980)(quoting A.B. Dick Co. v. Marr, 197 F.2d 498, 502 (2d Cir.), cert. denied, 344 U.S. 878 (1952)). Lien therefore may not appeal the interlocutory summary judgment ruling that preceded the voluntary dismissal of this case. See, e.g., Matlock v. Barnes, 932 F.2d 658, 666 n. 3 (7th Cir.), cert. denied, 112 S.Ct. 304 (1991); see also Schwarz v. Folloder, 767 F.2d 125, 130 (5th Cir.1985).
 
 III
 
 9
 The district court refused to award attorneys' fees to Lien in connection with plaintiffs' unsuccessful imminent hazard claim, for the following reasons:
 
 
 10
 The Court has no reason to disbelieve the plaintiff's position that there was--were some real health concerns reasons for bringing this lawsuit.
 
 
 11
 The defendant has not in its best offer of proof made any substantial showing that there were some other hidden reasons such as noise or night-time operations and that the--that either claim was really frivolous.
 
 
 12
 Also, I think there is a strong consideration that this type of lawsuit should not be chilled by attorney's fees being awarded to the defendant anytime that a plaintiff may be unsuccessful or just partially successful.
 
 
 13
 So for these reasons, defendant's motions for attorney's fees--defendant's motion will be denied.
 
 
 14
 App. tab E at 32. Once again, we have reviewed the pertinent arguments and materials and conclude that the district court properly exercised its substantial discretion with respect to the award of fees.
 
 
 15
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. As our resolution of the appeal is independent of appellees' supplemental appendix, appellant's request to strike the supplemental appendix is denied as moot.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 Lien does not challenge application of the catalyst test, developed primarily in the context of civil rights fee awards under 42 U.S.C.1988, to plaintiffs' fee award under 6972(e)
 
 
 [3]
 Plaintiffs point out that their imminent hazard claim was based on the combined crystalline silica emission from both defendant's processing operation and the same open dumps that gave rise to plaintiffs' open dumping claim. Lien does not argue the point