76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert E. LEE, Plaintiff-Appellant,
v.
CITY OF AURORA, Defendant-Appellee.
 No. 95-1109.
 United States Court of Appeals, Tenth Circuit.
 Feb. 6, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Robert E. Lee appeals from the district court's judgment in favor of defendant-appellee City of Aurora. Plaintiff alleges that defendant discriminated against him in violation of the Americans With Disabilities Act, 42 U.S.C. 12101-12213(ADA), and constructively terminated his employment without due process, asserting his claim under 42 U.S.C.1983. We have jurisdiction pursuant to 28 U.S.C. 1291, and affirm.
 
 I.
 
 3
 Defendant employed plaintiff as a police officer from April 1973 until his resignation on June 1, 1993. Appellant's App. at 261. In 1973 and 1983, plaintiff suffered two separate neck injuries which resulted in a loss of strength in his left hand. Id. at 194. Plaintiff is right-handed. Id.
 
 
 4
 In February 1992, Captain David Linnertz, defendant's patrol commander, informed plaintiff that another patrol officer had expressed concern about working with plaintiff because of the decline in his hand strength. Id. at 194, 261. Captain Linnertz recommended that plaintiff undergo a fitness for duty evaluation. Id. at 262. Plaintiff was evaluated by Dr. Karl Gross, who expressed concern that plaintiff might not be able adequately to protect himself or others during a physical confrontation. Specifically, Dr. Gross found that plaintiff would be unable to securely aim and fire a heavy gun, wield batons or use "sufficient force" with his left hand. Dr. Gross recommended that plaintiff undergo physical therapy in the hope that he could be rehabilitated and, in the meantime, that he be assigned to a position where his job duties would not require him to exert physical force with his left hand. Id. at 195.
 
 
 5
 Captain Linnertz removed plaintiff from patrol duty and assigned him to light-duty work as an accreditation officer. This position did not require plaintiff to make arrests or to use his weapon. Plaintiff worked as an accreditation officer for approximately ten months, after which Deputy Chief Sloan informed him that the department could no longer offer him light-duty work. Defendant gave plaintiff a number of options in the event that he could not obtain a physician's clearance for return to patrol work: (1) to resign his employment; (2) to retire immediately with a medical disability; (3) to undergo physical therapy until he could retire with twenty years' service in April 1993, or (4) to use accrued sick leave and disability leave until he could retire. Id. at 263-64. Plaintiff chose the option of taking sick leave and retiring. Id. at 196.
 
 
 6
 Plaintiff subsequently filed this action, alleging violations of the ADA and of his right to due process. Plaintiff moved for partial summary judgment on the issue of defendant's liability under his ADA claims. The district court denied summary judgment, finding that disputed issues of fact remained for trial. Id. at 204-05. Plaintiff's 1983 claim and his ADA disparate treatment claims were then presented to a jury during a four-day trial, while his ADA disparate impact claims were simultaneously tried to the court. See id. at 233.[2]
 
 
 7
 At the close of the evidence, the district court granted judgment for defendant on plaintiff's 1983 claim. Id. at 232. The jury returned a verdict for the defendant on plaintiff's ADA disparate treatment claims. The verdict was accompanied by special interrogatories in which the jury determined that plaintiff was not a "qualified individual with a disability" as required under the ADA. The district court also found against plaintiff on his ADA disparate impact claims. Id. at 270-71.
 
 II.
 
 8
 Plaintiff first contends that the district court erred in granting judgment as a matter of law under Fed.R.Civ.P. 50(a) against him on his 1983 claim. Plaintiff's failure to provide us with a transcript of the trial proceedings circumscribes our ability to review his contentions on appeal under these circumstances. We cannot review the district court's factual findings and must accept them as correct. Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 976 (10th Cir.1991). Our review is limited to determining whether the district court properly applied the law to the facts. Id.
 
 
 9
 Generally, "if a plaintiff establishes that he had a protected property or liberty interest of which he was deprived without a due process hearing, his claim that he was forced to resign or was constructively discharged from employment may be actionable under 1983." Bailey v. Kirk, 777 F.2d 567, 579 (10th Cir.1985)(footnote omitted). Plaintiff argues that defendant's policies of not providing permanent, light duty positions for disabled employees and of sending officers with a disability to a fitness for duty evaluation deprived him of his employment without a due process hearing.
 
 
 10
 A 1983 plaintiff must demonstrate, for purposes of imposing municipal liability on the basis of a decision of municipal policy-makers, a causal connection between the challenged policy and the alleged deprivation of his rights. See Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986); City of Okla. City v. Tuttle, 471 U.S. 808, 823 (1985)(plurality opinion); Randle v. City of Aurora, 69 F.3d 441, 447-48 (10th Cir.1995). Plaintiff fails to show sufficient decision-making by a municipal policy-maker to bring his claim within the ambit of Pembaur. We agree with the district court's conclusion that under these facts, plaintiff failed to show the required causal connection between either of the challenged policies and his alleged failure to receive due process. See Appellant's App. at 227-29, 232. For this reason, the district court properly granted judgment as a matter of law to defendant on plaintiff's 1983 claim.
 
 III.
 
 11
 Plaintiff next contends that the district court erred in denying his motion for partial summary judgment on his ADA claims. Plaintiff acknowledges our general rule that denials of summary judgment are not reviewable by this court. See, e.g., Whalen v. Unit Rig, Inc., 974 F.2d 1248, 1250-51 (10th Cir.1992), cert. denied, 113 S.Ct. 1417 (1993). He argues, however, that the denial of his motion for summary judgment is reviewable because it concerns a question of law rather than a factual issue. See Ruyle v. Continental Oil Co., 44 F.3d 837, 841-42 (10th Cir.1994), cert. denied, 116 S.Ct. 272 (1995).
 
 
 12
 The "question of law" plaintiff contends he raised was whether he was a "qualified individual with a disability." Br. of Appellant at 10-14; Appellant's Reply Br. at 5. The district court concluded that genuine issues of material fact existed concerning this question. Appellant's App. at 203. The issue was then tried to and decided against plaintiff by the jury.
 
 
 13
 Plaintiff has failed to demonstrate that summary judgment was denied on an issue of law in his case, as in Ruyle. Summary judgment was clearly denied due to disputed material facts. This case therefore falls within our general rule: we cannot review denial of summary judgment on a factual issue subsequently tried to a jury. See Whalen, 974 F.2d at 1250-51.
 
 IV.
 
 14
 In his next issue, plaintiff contends that there was insufficient evidence to support the jury's conclusion that he was not a "qualified individual with a disability." As mentioned, plaintiff has failed to provide us with a transcript of the trial proceedings. We are therefore unable to review his contention of insufficient evidence. See, e.g., Collins v. Romer, 962 F.2d 1508, 1514 (10th Cir.1992); and see 10th Cir. R. 10.1.1 (requiring that transcript be provided where sufficiency of evidence is at issue).
 
 V.
 
 15
 Finally, plaintiff challenges the district court's determination that his disability could not reasonably have been accommodated. The district court determined that plaintiff could not perform the job functions of patrol officer, with or without any reasonable accommodation. Appellant's App. at 270. Without a transcript of the testimony relied upon by the district court, we must accept this finding. See Trujillo, 928 F.2d at 976. The district court's finding, which we must accept, is dispositive of plaintiff's claim.
 
 VI.
 
 16
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.6
 
 
 [2]
 The parties stipulated to trial of issues concerning disparate treatment to the jury, and trial of disparate impact issues to the court. Appellant's App. at 219-20, 233