**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

STANLEY H. OLSEN,

      Defendant - Appellant.

No. 97-1271

D. Colorado

(D.C. No. 93-M-1012)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Stanley H. Olsen appeals the district court's denial of his motion requesting that a trial transcript be prepared at government expense; he also challenges the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sufficiency of the evidence supporting the injunction prohibiting him from acting as an income tax preparer. We affirm.

The United States brought a civil action against Mr. Olsen pursuant to § 7402(a) of the Internal Revenue Code (26 U.S.C.) to enjoin him from acting as an "income tax preparer" as defined in I.R.C. § 7701(a)(36)(A). The district court judge referred the matter to the Magistrate Judge, and after a five-day trial, the Magistrate Judge, sitting as Special Master, recommended that judgment be entered against Mr. Olsen, permanently enjoining him from acting as an income tax preparer. In July 1997, the district court adopted the findings, conclusions, and recommended disposition of the Magistrate Judge and issued the injunction. Later that same month, Mr. Olsen filed a timely notice of appeal and the district court granted Mr. Olsen leave to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915.

Mr. Olsen then filed a motion requesting that a trial transcript be prepared at the government's expense, which the district court denied in August 1997. Mr. Olsen then filed a second notice of appeal, which the district court treated as an amendment to his original notice of appeal, stating that he was appealing the district court's denial of his motion for the trial transcript to be prepared at government expense.

Later that same month, Mr. Olsen filed a motion in this court to have a trial transcript prepared at government expense, which this court denied "without prejudice to renewal upon a specified showing under 28 U.S.C. § 753(f) that Mr. Olsen is entitled to transcripts at government expense." United States v. Olsen, No. 97-1271 (10th Cir. Aug. 25, 1997) (order denying free transcript). In particular, this court directed Mr. Olsen to show "that the appeal is not frivolous but presents a substantial question." Id. Mr. Olsen chose not to file a renewed motion, and instead filed his opening brief in this appeal.[1]

Mr. Olsen's opening brief argues primarily that the district court erred in denying his request to have the trial transcript prepared at government expense. See Appellant's Br. at 1-2. However, as we stated in our order of August 25, 1997, Mr. Olsen was not entitled to have the government pay for the transcript since he had not made the required showing under 28 U.S.C. § 753(f) that his appeal was not frivolous. Because Mr. Olsen still has not made the required showing either in a renewed motion or in his opening appellate brief,[2] we

---

[1]In October 1997, Mr. Olsen timely filed a document captioned "Opening Brief." In an order on October 31, 1997, the Clerk of the Court stated that this court was considering the document to be Mr. Olsen's opening brief rather than a renewed motion to have the trial transcript prepared at government expense.

[2]In his brief, Mr. Olsen merely asserts that the transcript is essential "so he can prove to the 10th Circuit that the evidence does not point to this injunction being issued against [him]." Appellant's Br. at 1. Conclusory allegations do not satisfy the requirements of § 753(f). Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993).

conclude that the district court correctly denied his request to have the transcript prepared at government expense.[3]

Because Mr. Olsen has filed his opening appellate brief rather than a renewed motion for a free transcript, we must also address his original challenge to the sufficiency of the evidence. Mr. Olsen asserts that "the facts DO NOT support an injunction being issued against [him]." Appellant's Br. at 2. However, because Mr. Olsen has failed to satisfy his burden as appellant of providing this court with the trial transcript,[4] we must affirm the district court's ruling. See Collins v. Romer, 962 F.2d 1508, 1514 (10th Cir. 1992).

Accordingly, we AFFIRM both the district court's denial of appellant's motion for a free transcript and the issuance of the injunction against him.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]In the alternative, Mr. Olsen requests that he "be allowed to view and study a transcript that may exist." Appellant's Br. at 1. Assuming such a transcript exists in the office of the clerk, it "shall be open during office hours to inspection by any person without charge." 28 U.S.C. § 753(b). Mr. Olsen is also free to have a transcript prepared at his own expense.

[4] See Fed. R. App. P. 10(b); 10th Cir. R. 10.1.1; United States v. Hubbard, 603 F.2d 137, 139-40 (10th Cir. 1979); see also Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994) (stating that pro se status does not relieve a petitioner from the burden of complying with federal rules of civil and appellate procedure).