**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY LEE MCCALL,

      Plaintiff - Appellant,

v.

JOHNSON COUNTY SHERIFF'S
DEPARTMENT,

      Defendant - Appellee.

No. 03-3088
(D.C. No. 02-CV-3184-GTV)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Plaintiff-Appellant Gregory Lee McCall, appearing pro se and in forma

pauperis, appeals from the district court's dismissal of his civil rights action

against the Johnson County Sheriff's Department. The district court construed

Mr. McCall's complaint to allege that the Johnson County, Kansas Adult

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Detention Center's policy of charging a copayment for medical services and a monthly charge for medication inflicts cruel and unusual punishment in violation of the Eighth Amendment. The district court dismissed the complaint for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A complaint filed pro se must be given a liberal construction. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Such a complaint may, however, be dismissed upon initial review if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e).

Mr. McCall's claim that his Eighth Amendment rights have been violated is without merit. While it is true that a state statute that does not allow for exceptions to a copayment requirement would be unconstitutional, that is not the case here. Cf. Collins v. Romer, 962 F.2d 1508, 1514 (10th Cir. 1992).

It is clearly constitutionally acceptable to charge inmates a small fee for health care where, as here, indigent inmates are guaranteed service regardless of

ability to pay.  See Reynolds v. Wagner, 128 F.3d 166, 173-74 (3d Cir. 1997).

Despite Mr. McCall's claim, it appears that penurious prisoners have a debit

placed on their prison account balance.  As such, Mr. McCall does not allege that

he was denied access to medical care due to any inability to satisfy the copayment

requirement, but simply that he would prefer his money be used to "supplement

the horrible menu."  R. Doc. 1 at 4.  Mr. McCall's claim lacks any cognizable

merit.

Accordingly, we AFFIRM the dismissal of Mr. McCall's complaint for

failure to state a claim upon which relief may be granted for substantially the

reasons given by the district court.  Mr. McCall is reminded that he remains

obligated to make partial payments until the entire filing and appellate fees have

been paid.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

**<u>McCall v. Johnson County Sheriff's Department</u>, No. 03-3088**

**LUCERO**, Circuit Judge, concurring.

I concur in the judgment. I see nothing in the record or in the facts as argued by the appellant that suggests that the co-payments at issue are "so large in comparison to inmate income" as to implicate Eighth Amendment concerns. <u>Collins v. Romer</u>, 962 F.2d 1508, 1510 (10th Cir. 1992) (summarizing plaintiffs' allegations).