**KANSAS HEALTH CARE ASSOCIATION, INC., and Kansas Association of Homes For the Aging, Inc., on behalf of their members, and Top Management Services, Inc., d/b/a Sunset Manor, on behalf of all other similarly situated nursing facility providers certified by the State of Kansas to participate in the Kansas Medicaid Program, Plaintiffs,**

v.

**KANSAS DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, and Donna Whiteman, Secretary of the Department of Social and Rehabilitation Services, and Robert L. Epps, Commissioner of Medical Services of Kansas Department of Social and Rehabilitation Services, Defendants.**

Civ. A. No. 90–4207–S.

United States District Court,
D. Kansas.

July 20, 1992.

Jeffrey A. Chanay, Entz & Chanay, William E. Enright, Scott, Quinlan & Hecht, Richard D. Anderson, Topeka, Kan., for plaintiffs.

Patrick D. Gaston, Patricia A. Bennett, Bennett, Lytle, Wetzler, Winn & Martin, Prairie Village, Kan., Bruce A. Roby, Kansas Dept. of SRS, Topeka, Kan., for defendants.

C. Geraldine Umphenour, Office of Gen. Counsel, Dept. of Health & Human Services, Kansas City, Mo., D. Brad Bailey, Office of United States Atty., Topeka, Kan., Frank V. Smith, III, Dept. of Health & Human Services, Office of Gen. Counsel, Kansas City, Mo., for Health and Human Services of the U.S.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendants' motion to dismiss (Doc. 125) on the basis that the plaintiffs' claims are now either moot or barred by the Eleventh Amendment. Prior to the filing of defendants' motion, the court had ordered the plaintiffs to show cause why the action should not be dismissed as moot.

This case initially arose as a challenge to the defendants' alleged unlawful administration of the Kansas Medicaid program, and the plaintiffs specifically sought declaratory and injunctive relief. This court granted the plaintiffs' motion for a preliminary injunction and ordered the following:

Defendants Kansas Department of Social and Rehabilitation Services and Dennis R. Taylor, Acting Secretary of the Department of Social and Rehabilitation Services, are enjoined from implementing and maintaining the October 1, 1990 Medicaid reimbursement rate freeze contained in State Plan TN–90–44. Defendants are further enjoined from implementing the reimbursement schedule for satisfying OBRA '87 requirements contained in State Plan TN–90–06. Defendants are further enjoined from reimbursing Medicaid providers at rates which are not in compliance with standards set by federal law consistent with the above order.

On March 12, 1992, the United States Court of Appeals for the Tenth Circuit issued an opinion reversing this court's grant of the preliminary injunction. 958 F.2d 1018. At the time the injunction was granted, the only plaintiffs were Kansas Health Care Association, Inc. and Kansas Association of Homes for the Aging, Inc., which are non-profit organizations. Together, both associations represented their members, comprising a total of 335 Kansas nursing facilities. The Tenth Circuit, however, determined the two plaintiffs did not have associational standing to sue as representatives of their members. Thus, the court vacated the preliminary injunction issued by this court.

In the interim, as acknowledged by the the Court of Appeals, the plaintiffs amended their complaint to include Top Management Services, Inc., d/b/a Sunset Manor. This court also granted the plaintiffs' motion for class certification. In addition, the plaintiffs were allowed to amend their complaint to include claims that the State Plan Amendment submitted in response to the preliminary injunction granted by this court, TN–91–09, also allegedly violated federal laws governing the implementation of the Kansas Medicaid program.

Currently, all three State Plan Amendments have either expired or been superseded by other amendments, and no further amendment to the complaint is allowed. Therefore, the court must determine if any case or controversy remains or whether, in fact, the plaintiffs' claims are moot.

The defendants contend the claims for injunctive relief are moot because the amendments have expired and they will not

358

and cannot be prospectively enforced against the plaintiffs. Further, the defendants contend that the claim for declaratory relief violates the Eleventh Amendment because the only possible purpose of such a judgment would be to use as *res judicata* in a state court action for damages. This, they contend, would be an impermissible "end run" around the Eleventh Amendment.

The plaintiffs, however, argue that the mere fact the State Plan Amendments have expired or been superseded does not automatically render the claims moot. Rather, State Plan Amendment TN–91–09 was superseded only in insignificant part, contend the plaintiffs, but the payment methodology establishing the reimbursement rate at which the plaintiffs are being paid remains the same. They contend their claim is broad enough to challenge the continuing use of the same payment methodology. Therefore, the action is not moot. Further, the plaintiffs contend their claims are capable of repetition yet evading review, so are not barred by the mootness doctrine. Finally, the plaintiffs argue that the Eleventh Amendment does not bar their cause of action for a declaratory judgment. For the reasons set forth below, the court finds the plaintiffs' claims are moot and improper for a declaratory judgment and the case must be dismissed.

■ The parties have accurately stated that this court does not have the power to decide questions that cannot affect the legal rights of the parties. *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974). Stated another way, "[t]he inability of the federal judiciary 'to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Id.* at 316, 94 S.Ct. at 1705 (quoting *Liner v. Jafco, Inc.*, 375 U.S.

301, 306 n. 3, 84 S.Ct. 391, 394 n. 3, 11 L.Ed.2d 347 [1964]). "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937).

■ In the case presently before the court, the plaintiffs have filed a ten count complaint challenging the three State Plan Amendments. In Count IX, the plaintiffs allege that these amendments will not reimburse nursing facilities at rates which are reasonable and adequate as required by 42 U.S.C. § 1396a(a)(13)(A).[1] Further, they allege the manner and method by which the defendants have established their rates have deprived the nursing facilities of due process of law. The relief the plaintiffs request is for the court to declare unlawful the methodology in setting the rates and enjoin the defendants from implementing the rates.

The relief requested would be proper if the court had before it a current State Plan Amendment to analyze. The court cannot look only to the the rate setting methodology, however, and determine whether such a methodology would result in a rate which was not reasonable and adequate. The purposes of the Boren Amendment, incorporated into 42 U.S.C. § 1396a(a)(13)(A), were

first, that the states set their own reimbursement rates without stifling and expensive federal oversight of the methodology used; and, second, that Medicaid expenses be reduced by allowing the states to develop payment systems which would encourage efficiency. *Colo. Health Care v. Colo. Dept. of Social Services*, 842 F.2d 1158, 1165 (10th Cir. 1988) (citation omitted).

1. This statute states in pertinent part that the reimbursement rates must be:

reasonable and adequate to meet the cost which must be incurred by efficiently and economically operated facilities in order to provide care and services in conformity with applicable State and Federal laws, regula-

tions, and quality and safety standards and to assure that individuals eligible for medical assistance have reasonable access (taking into account geographic location and reasonable travel time) to inpatient hospital services of adequate quality.

In light of the stated purposes of the statute, the Tenth Circuit quoted with approval a Michigan court which held that it was unnecessary to probe beyond the bottom line, or the resulting rates, to address the underlying rate setting methodology. *Id.* at 1166.

In its preliminary injunction order, this court acknowledged that if rates are based upon factors that are not rationally related to Boren Amendment requirements, the logical result is rates which are not reasonable and adequate. This court also stated, however, that "the primary consideration of this court must be whether the actual rates are 'reasonable and adequate.'" *Kansas Health Care Ass'n v. Kansas Dep't of Social and Rehabilitation Services*, 754 F.Supp. 1502, 1514 (D.Kan.1990), *rev'd on other grounds*, 958 F.2d 1018 (10th Cir.1992).

The court finds that, without a current State Plan Amendment to analyze as to whether it provides a reasonable and adequate rate of reimbursement to the nursing facilities, the court would be issuing an advisory opinion regarding State Plan Amendments which have not been challenged and are not now before the court. The rate setting methodology simply cannot be addressed in isolation. That is not to say that the State will not and may not presently be underfunding the nursing facilities under the Kansas Medicare program. Rather, the State Plan Amendments subject to this lawsuit have expired and the court finds the relief requested to be beyond the scope of the complaint and this court's ability to ascertain a Boren Amendment violation.

■ Neither does this court find that the current issues are capable of repetition yet evading review. *See Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973). Had the preliminary injunction in this case withstood appellate review, the parties could have challenged whatever current State Plan Amendment was in ef-fect as to whether it complied with the court's injunction order. Further, the court finds that the plaintiffs' complaint can surely be pled broadly enough to incorporate the key issues it seeks to have adjudicated. Although the State Plan Amendments are of short duration and, because of the procedural posture of this case, may not be reviewed, the court finds they by no means evade review in a proper case.

■ In addition, the court finds that the Eleventh Amendment bars declaratory relief in this case. Contrary to the plaintiffs' argument that this action is not one for money damages, "but instead is an action for specific relief . . ." (Plaintiffs' Response at 31), such an award would be "a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials." *Edelman v. Jordan*, 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974). This is impermissible under the Eleventh Amendment.

Further, any declaration regarding the alleged unlawfulness of the rate setting methodology would not only be improper outside the context of a State Plan Amendment, as previously discussed, but would be useful only in state court as *res judicata* on the issue of liability.[2] This effectively would limit the state court to determining damages, which "would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment." *Green v. Mansour*, 474 U.S. 64, 73, 106 S.Ct. 423, 428, 88 L.Ed.2d 371 (1985).

IT IS BY THE COURT THEREFORE ORDERED that the defendants' motion to dismiss (Doc. 125) this action is granted.

IT IS FURTHER ORDERED that any outstanding motions are denied as moot by virtue of this ruling.

2. The parties have represented in opposing affidavits conflicting views as to whether the plaintiffs, in oral arguments before the Tenth Circuit, stated they intended to use a declaratory judgment for this purpose. The court finds it is irrelevant to a decision in this case what the plaintiff stated in oral argument. Under this court's findings, there is no other possible benefit of a declaratory judgment.