**KANSAS HEALTH CARE ASSOCIATION, INC., and Kansas Association of Homes for the Aging, Inc., on behalf of their members, and Top Management Services, Inc., d/b/a Sunset Manor, on behalf of all other similarly situated nursing facility providers certified by the State of Kansas to participate in the Kansas Medicaid Program, Plaintiffs,**

v.

**KANSAS DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, and Donna Whiteman, Secretary of the Department of Social and Rehabilitation Services, and Robert L. Epps, Commissioner of Medical Services of Kansas Department of Social and Rehabilitation Services, Defendants.**

Civ. A. No. 90–4207–S.

United States District Court, D. Kansas.

June 2, 1993.

Jeffrey A. Chanay, Entz & Chanay, William E. Enright, Scott, Quinlan & Hecht, Richard D. Anderson, Topeka, KS, for plaintiffs.

Patrick D. Gaston, Patricia A. Bennett, Bennett, Lytle, Wetzler, Winn & Martin, Prairie Village, KS, Bruce A. Roby, Kansas Dept. of SRS, Topeka, KS, for defendants.

C. Geraldine Umphenour, Office of General Counsel, Dept. of Health & Human Services, Kansas City, MO, D. Brad Bailey, Office of U.S. Atty., Topeka, KS, Frank V. Smith, III, Dept. of Health & Human Services, Office of Gen. Counsel, Kansas City, MO, for third-party defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on motion by the plaintiffs for an award of attorneys' fees (Doc. 146). For the reasons set forth below, the motion for attorneys' fees will be denied.

This action was originally brought under 42 U.S.C. § 1983. Attorney's fees may be awarded pursuant to 42 U.S.C. § 1988, which states:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The plaintiffs contend that they are entitled to prevailing party status and should be awarded reasonable attorneys' fees.

In *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989), the Court held, "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." In cases where there is no complete adjudication of the case, the Tenth Circuit has adopted a two part test:

The plaintiff must demonstrate that his lawsuit is linked causally to the relief obtained, i.e. the suit must be a 'substantial factor or a significant catalyst' in prompting the defendants to act or cease their behavior. He must also demonstrate that the defendant's conduct in response to the lawsuit was required by the Constitution or federal law, i.e. the defendant's actions must be legally required. *Supre v. Ricketts*, 792 F.2d 958, 962 (10th Cir.1986) (quoting *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469, 1475 (10th Cir.1985)).

This test was first set forth in *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir.1978). The Tenth Circuit stated:

The purpose of the *Nadeau* test is to ensure, in cases where a concession of defeat might be inferred from defendant's conduct, that the conduct was actually brought about by the lawsuit. Attorney's fees should be awarded only when the suit brought about such conduct, and not when the defendant acted supererogatorily. *Dahlem v. Board of Educ. of Denver Public Schools*, 901 F.2d 1508, 1512, n. 3 (10th Cir.1990).

Thus, the court indicated that the test was inapplicable in situations where the defendant acts involuntarily and does not demonstrate acquiescence in the plaintiffs' position.

The plaintiffs contend they are prevailing parties under both standards outlined above. They obtained a judicial determination on the merits when the court entered its order for a preliminary injunction on December 31, 1990, and are, therefore prevailing parties. They further contend that the implementation of TN–91–09 provided the plaintiffs with some of the relief they sought and the preliminary injunction was *the* factor in prompting the defendants to implement the amendment. In addition, the implementation of the new state plan amendment was required by law because the court found the reimbursement rates of the challenged amendments were inadequate, meeting the *Nadeau* test.

The court finds that the plaintiffs cannot succeed as prevailing parties on the basis of the *Nadeau* test on these facts, and there was no material alteration of the legal relationship between the parties. The relief obtained by the plaintiffs in this case was the amount of money reimbursed to the nursing facilities by virtue of State Plan Amendment TN–91–09, which the defendants did not seek to recoup. The lawsuit was definitely linked causally to this relief, because the defendants presumably would not have made the changes in the reimbursement rate absent the preliminary injunction. This is the first prong of the *Nadeau* test.

The court, however, cannot find that the defendants' conduct was required by law. After the court's order was vacated, the defendants had every legal right to seek recoupment from the plaintiffs. The decision not to seek recoupment was more likely the result of economic factors, as stated in Secretary Whiteman's affidavit, than litigation strategy. Thus, the relief obtained by the plaintiffs remained in place through the gratuitous actions of the defendants, not because of a legal requirement. To draw any other conclusion would be to assume facts not before the court.

Further, regardless of how the plaintiffs stretch to argue "prevailing party" status, there simply was no change in the legal relationship between the parties. While this court did grant a preliminary injunction on the issues in the case, the Tenth Circuit vacated that injunction. The court found that the plaintiffs did not have standing to sue, which meant this court did not have jurisdiction over the controversy to issue the injunction. The effect of the Tenth Circuit's order was to render the court's preliminary injunction order void, as if it had never existed. Thus, the parties were in exactly the same position after the reversal as they were in the day the lawsuit was filed.

Further, the plaintiffs were in the position, had the defendants chosen to pursue their options, of having to repay the windfall they received from the initial preliminary injunction. Any benefit the plaintiffs realized as a result of the injunction was a nullity. This is not the posture of a "prevailing party." The court cannot deem this a victory for the plaintiffs simply because the defendants chose not to attempt recovery of the money they paid out as a result of the injunction. Notwithstanding this court's analysis of the merits of the plaintiffs' case, the plaintiffs' did not prevail. After the Tenth Circuit vacated the injunction, this court dismissed the case as moot. This was due to the procedural posture of the case and the court's belief that there was no longer a controversy over which this court had jurisdiction. Thus, the only decision on the merits was vacated and the entire case was dismissed as moot.[1]

It is true the plaintiffs prevailed in this court on the issues of the reimbursement to the nursing facilities. This was the substantive issue in the case. The analysis does not stop there, however. If the plaintiffs have no standing, the merit of the substantive issues matters not. The Tenth Circuit may have vacated on a procedural basis, but that procedure went to the heart of this court's jurisdiction. Thus, the court will not find that the plaintiffs prevailed for the purpose of the motion for attorneys' fees.

**IT IS BY THE COURT THEREFORE ORDERED** that the plaintiffs' motion for attorneys' fees (Doc. 146) is denied.

---

1. The court distinguishes this case from *Dahlem v. Board of Educ. of Denver Public Schools*, where the case, while on appeal, was dismissed as moot after the preliminary injunction was granted by the district court. Here, the preliminary injunction was vacated prior to this court dismissing the entire case as moot. This is an important distinction and one which this court believes deprives the plaintiffs of prevailing party status. In *Dahlem*, the case was dismissed as moot while the preliminary injunction was still in place. Here, the only ruling on the merits was vacated, albeit on jurisdictional grounds.