76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fred W. PHELPS, Sr. and Edward F. Engel, Plaintiffs-Appellees,
v.
Joan HAMILTON, in her official capacity as District
Attorney, Defendant-Appellant.
 No. 94-3066.
(D.C.No. 93-CV-4042)
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 After entering summary judgment in favor of plaintiffs on their civil rights claims, Phelps v. Hamilton, 828 F.Supp. 831, 851 (D.Kan.1993)(Phelps I ), the district court awarded plaintiffs attorney fees as prevailing parties, pursuant to 42 U.S.C.1988.[2] Phelps v. Hamilton, 845 F.Supp. 1465, 1474 (D.Kan.1994)(Phelps II ). We subsequently reversed the district court's entry of summary judgment and remanded the action to the district court for further proceedings. Phelps v. Hamilton, 59 F.3d 1058, 1073 (10th Cir.1995)(Phelps III ). In light of our holding in Phelps III, defendant now appeals the award of attorney fees to plaintiffs, arguing they are no longer prevailing parties and, therefore, are not entitled to fees under 1988. Defendant also argues that, even if plaintiffs are prevailing parties, the district court abused its discretion in awarding plaintiffs fees for part of the time counsel spent on a related criminal case.
 
 
 3
 Plaintiffs are Kansas residents who have been active in a controversial campaign against homosexuality. In 1991, plaintiff Engels was indicted by a Kansas grand jury for criminal defamation. Those charges were later dropped in the spring of 1992. In the fall of that year, defendant was elected district attorney for the Third Judicial District in Topeka. During her campaign for district attorney, defendant "promised to fight against crime, hatred, prejudice and Fred Phelps." Phelps I, 828 F.Supp. at 836. Shortly after she was elected, defendant instituted several prosecutions against plaintiff Phelps for criminal defamation.
 
 
 4
 Plaintiffs then brought the present 1983 action against defendant, seeking "(1) to invalidate Kansas' criminal defamation statute as facially overbroad; as well as (2) to enjoin the pending criminal defamation prosecutions against Phelps on the ground that the statute was unconstitutionally applied to him and overbroad on its face." Phelps III, 59 F.3d at 1061. Plaintiffs contended that the statute was facially overbroad because it did not contain an actual malice standard for speech on issues of public concern.
 
 
 5
 On cross motions for summary judgment, the district court concluded that Engels had standing to bring the action, Phelps I, 828 F.Supp. at 837-41, that Younger v. Harris, 401 U.S. 37 (1971), did not require the district court to abstain from hearing Phelps' challenges to the criminal defamation statute and possibly enjoining the criminal prosecutions, Phelps I, 828 F.Supp. at 841-45, and that the Kansas criminal defamation statute was unconstitutional on its face, id. at 845-50. In light of the district court's ruling on the Kansas defamation statute, defendant moved in state court to dismiss the criminal prosecutions against Phelps. The district court subsequently entered an order permanently enjoining any prosecutions of plaintiffs under the criminal defamation statute.
 
 
 6
 On appeal, we disagreed with the district court's determination that the Kansas statute was unconstitutional on its face, concluding that the Kansas courts would give it a narrowing construction and imply an actual malice standard. Phelps III, 59 F.3d at 1069-73. We, therefore, upheld the facial validity of the statute and reversed the grant of summary judgment to plaintiffs on their facial invalidity claims. Id. at 1073. As to Phelps' claim that the criminal prosecutions should be enjoined because the statute was unconstitutional as applied to him, we concluded that "the district court failed to apply the proper standard for considering whether the prosecution was commenced in bad faith or to harass so as to warrant federal intervention into Phelps' pending state criminal prosecutions." Id. at 1063. We held that the district court could not enjoin the prosecutions unless Phelps actually proved (rather than just raised as an issue of fact) that the prosecutions had been brought in bad faith or to harass. Id. at 1063, 1067. We, therefore, remanded Phelps' "as applied" claim to the district court for further proceedings. Id. at 1073.
 
 
 7
 In the present appeal, defendant argues that, in light of our opinion in Phelps III, plaintiffs did not prevail on any significant issue in the case and, therefore, cannot be considered prevailing parties. See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (1989)("A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either pendente lite or at the conclusion of the litigation.").
 
 
 8
 Plaintiffs, in turn, argue that they are still prevailing parties, based on three alternative theories. First, relying on Jane L. v. Bangerter, 61 F.3d 1493 (10th Cir.1995), and Koopman v. Water District No. 1, 41 F.3d 1417, 1421 (10th Cir.1994), cert. denied, 116 S.Ct. 420 (1995), plaintiffs contend that they substantially prevailed, if one considers the qualitative value of the relief they obtained, including the "vindicat[ion][of] important First Amendment rights of all citizens of Kansas," Br. of Appellees at 12. Second, plaintiffs argue that their 1983 action was a catalyst for voluntary actions of the defendant and the Kansas legislature that provided the relief plaintiffs sought. See Powder River Basin Resource Council v. Babbitt, 54 F.3d 1477, 1486 (10th Cir.1995). Specifically, plaintiffs contend that, as a result of this suit, defendant dismissed the criminal prosecutions against Phelps and has not reinstituted them or brought any further prosecutions against plaintiffs or their colleagues. Plaintiffs also allege that, as a further result of this suit, the Kansas legislature amended the criminal defamation statute to include an explicit actual malice standard. Finally, citing Cummins v. Campbell, 44 F.3d 847, 854 (10th Cir.1994), plaintiffs contend that they are entitled to fees because they obtained substantial interim relief.
 
 
 9
 When the district court entered the fee award at issue here, we had not yet issued our opinion in Phelps III, and defendant did not dispute plaintiffs' status as prevailing parties, see Phelps II, 845 F.Supp. at 1469. Therefore, the district court was concerned only with the amount of fees to be awarded, not with whether plaintiffs were entitled to any fee in the first instance. Because the district court has never had an opportunity to address the arguments the parties now raise as to plaintiffs' status as prevailing parties, and some of those arguments raise factual matters that we are not well suited to determine, we deem it best to remand this matter to the district court for further consideration. Because we are remanding the action to the district court to reconsider plaintiffs' entitlement to fees, we need not address defendant's challenge to the amount of fees the district court awarded.
 
 
 10
 The judgment of the United States District Court for the District of Kansas is REVERSED, and the matter is REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.6
 
 
 [2]
 Section 1988(b) provides that "[i]n any action or proceeding to enforce a provision of section[ ] ... 1983, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."