Fred W. PHELPS, and Edward
F. Engel, Plaintiffs,

v.

Joan HAMILTON, in her official capacity
as district attorney, Defendant.

Civil Action No. 93–4042–KHV.

United States District Court,
D. Kansas.

March 25, 1997.

Elizabeth M. Phelps, Jonathan B. Phelps, Phelps, Chartered, Topeka, KS, Margie J. Phelps, Topeka, KS, for Plaintiffs.

Deanne W. Hay, Alan V. Johnson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, Carol R. Bonebrake, Office of City Attorney, Topeka, KS, Sharon K. Euler, Office of City Attorney, Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Plaintiffs' Motion For Fees And Expenses* (Doc. # 118) filed July 19, 1996. Plaintiffs Fred Phelps and Edward Engel move for an award of attorney fees under 42 U.S.C. § 1988(b).[1] For the following reasons the Court finds that plaintiffs are not "prevailing parties" within the meaning of Section 1988 and accordingly it overrules plaintiffs' motion.

1. The statute provides that "[i]n any action or proceeding to enforce a provision of section[] ... 1983 ... the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

2. On October 24, 1991, a grand jury indicted Engel on criminal defamation charges. The charges were dismissed on April 30, 1992, how-

### Factual Background

The factual background and procedural history in this case are lengthy. Plaintiffs filed their complaint over four years ago seeking declaratory and injunctive relief against Joan Hamilton, the district attorney for Shawnee County, Kansas. At the time, defendant had commenced two criminal defamation prosecutions against Fred W. Phelps in the District Court of Shawnee County. She later filed four additional defamation prosecutions against him.[2]

Plaintiffs sought to declare K.S.A. § 21-4004 constitutionally overbroad on its face and as applied to them, and to enjoin defendant from further prosecutions under the statute. At the time plaintiffs filed suit, Section 21-4004 provided as follows:

(a) Criminal defamation is maliciously communicating to a person orally, in writing, or by any other means, false information tending to expose another living person to public hatred, contempt or ridicule; to deprive such person of the benefits of public confidence and social acceptance; or tending to degrade and vilify the memory of one who is dead and to scandalize or provoke his surviving relatives and friends.

(b) In all prosecutions under this section the truth of the information communicated shall be admitted as evidence. It shall be a defense to a charge of criminal defamation if it is found that such matter was true.

(c) Criminal defamation is a class A non-person misdemeanor.

On July 2, 1993, the Honorable Sam A. Crow denied defendant's motion for summary judgment on the issues of standing, abstention and facial validity of Section 21-4004, and sustained plaintiffs' motion for summary judgment on the facial overbreadth challenge.[3] *Phelps v. Hamilton,* 828 F.Supp.

ever, before plaintiffs filed suit. *See Phelps v. Hamilton,* 828 F.Supp. 831, 835 (D.Kan.1993).

3. In their motion for summary judgment, plaintiffs also contended that the statute was unconstitutionally vague. Because plaintiffs advanced only the overbreadth theory in their complaint and their motion for preliminary injunction, the district court denied plaintiffs' motion for sum-

831 (D.Kan.1993) *rev'd* 59 F.3d 1058 (10th Cir.1995). Judge Crow also held that Section 21–4004 was not narrowly drawn to meet the "actual malice" standard for statements by public officials.[4] *See New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *Garrison v. Louisiana*, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964) (requiring publication with knowledge or reckless disregard of the statement's falsity). Judge Crow found that the section was not subject to a narrowing and curing construction, and that "[o]nly by invading the legislative function could this court or a Kansas court add the essential element of 'actual malice' to the statutory definition of criminal defamation." *Phelps*, 828 F.Supp. at 848.

Judge Crow subsequently entered an *Order of Permanent Injunction* (Doc. # 32) which permanently enjoined defendant "from commencing or furthering any criminal prosecution against the plaintiffs under the provisions of K.S.A. § 21–4004 (1970) and as amended by the 1992 Kan.Sess.Laws, ch. 239, § 186."

On July 11, 1995, the Tenth Circuit reversed both holdings. It found (1) that the district court had improperly failed to make Phelps prove that the prosecutions had been initiated or maintained in bad faith, and (2) that K.S.A. § 21–4004 was facially valid. It also ruled on the merits of Engel's claim and, except for the present motion, Engel is no longer a party to this action. The Tenth Circuit remanded Phelps' claims for further proceedings to determine whether abstention was appropriate, vis-a-vis the pending state court criminal defamation charges.

Three significant events occurred while this case was pending on appeal. On February 28, 1994, Judge Crow ordered that plaintiffs were entitled to recover $34,602.50 as a reasonable attorney's fee under 42 U.S.C. § 1988. *Phelps v. Hamilton*, 845 F.Supp. 1465 (D.Kan.1994) *rev'd* 76 F.3d 393 (10th Cir.1996). In making the award, Judge Crow noted that defendant did not dispute plaintiffs' status as prevailing parties, "as the judgment entered in this case materially altered the legal relationship between the parties." *Phelps*, 845 F.Supp. at 1469 (citing *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992)). On May 13, 1995, more than a year later, the Kansas legislature amended K.S.A. § 21–4004 to expressly require actual malice, thereby eliminating the constitutional deficiency which Judge Crow had pinpointed in his opinion of July 3, 1993.[5] *See* 1995 Kan. Sess.Laws ch. 251 § 14. Also during this time, at some date which not clearly evident from the court file, defendant dismissed all criminal charges against Phelps and the statute of limitations expired, preventing further prosecution on the events in question.[6]

Defendant appealed Judge Crow's award of attorney's fees, in light of the Tenth Circuit's ruling, arguing that plaintiffs could no longer be considered prevailing parties under the statute. In response, the Tenth Circuit noted that plaintiffs' status as prevailing parties was undisputed when Judge Crow entered his fee award. It therefore remanded the matter to determine plaintiffs' eligibility for fees. *Phelps*, 76 F.3d 393, 1996 WL 50464 at *3.

After remand, this Court granted defendant's motion to dismiss, holding that Phelps lacked standing on his remaining claim of threatened future prosecution. Thereafter Phelps and Engel filed the present motion

---

mary judgment on the vagueness theory. *See Phelps*, 828 F.Supp. at 845 n. 5.

**4.** It is not disputed that plaintiffs are "public officials."

**5.** The relevant amendment provides as follows:

Criminal defamation. (a) Criminal defamation is communicating to a person orally, in writing, or by any other means information **knowing the information to be false and with actual malice,** tending to expose another living person to public hatred, contempt or ridicule; tending to deprive such person of the benefits of public confidence and social acceptance; or tending to degrade and vilify the memory of one who is dead and to scandalize or provoke surviving relatives and friends. (emphasis supplied).

**6.** Because the events underlying Engel's criminal charges occurred before the events precipitating Phelps' charges, the Court presumes that the statute of limitations on these issues had also expired. *See Phelps*, 828 F.Supp. at 836 (issues surrounding Engel's grand jury indictment occurred in 1991; Phelps charged with conduct occurring in 1992–93).

for fees and expenses. *See Phelps v. Hamilton,* 934 F.Supp. 373 (D.Kan.1996).

### Analysis

The Court must address whether plaintiffs are "prevailing parties" within the meaning of the statute before it can consider the reasonableness of any amount due. Plaintiffs advance three theories in this regard. First, plaintiffs argue that the Court should consider the qualitative value of the relief they obtained and find that they substantially prevailed in achieving their primary purpose in bringing this action—dismissal of the pending criminal cases and amendment of K.S.A. § 21–4004. Second, plaintiffs argue that they are prevailing parties because their lawsuit served as a catalyst for relief. Third, plaintiffs argue that they obtained interim relief which entitled them to fees.

### 1. Plaintiffs' claim that they substantially prevailed on the merits.

Plaintiffs argue that they achieved their primary purposes: dismissal of the pending criminal defamation actions and amendment of K.S.A. § 21–4004 to require "actual malice." Citing *Jane L. v. Bangerter,* 61 F.3d 1505, 1511 (10th Cir.1995), plaintiffs ask the Court to consider the qualitative value—as opposed to the quantitative amount—of the relief they obtained. *Bangerter,* however, is not analogous. There, plaintiffs had prevailed on the merits and actually obtained judgment on two of eight claims. *Id.* at 1511 n. 2. The qualitative versus quantitative analysis which the Tenth Circuit utilized in *Bangerter* related only to the amount of the fee award, *i.e.* the second step in our analysis (which plaintiffs have not yet reached). Plaintiffs here did not achieve

a successful judicial determination on any claim. Therefore the qualitative analysis applied in *Bangerter* is inapplicable.

### 2. Plaintiffs' claim that they were a significant catalyst for relief

A plaintiff without a successful judicial determination on the merits may be a "prevailing party" under Section 1988 if the action serves as a substantial factor or significant catalyst in prompting the defendant to act or cease her behavior. *See Cummins v. Campbell,* 44 F.3d 847, 854 (10th Cir.1994); *Kansas Health Care Ass'n. Inc. v. Kansas Dept. of Social & Rehabilitation Servs.,* 31 F.3d 1052, 1053 (10th Cir.1994); *American Council of the Blind v. Romer,* 992 F.2d 249, 250–51 (10th Cir.1993). To determine whether plaintiffs qualify as "prevailing parties" under this standard—frequently referred to as the two-prong *Nadeau*[7] test—the Court must make both a factual and a legal determination. The Court must first determine, as a factual matter, whether the action served as a substantial factor in prompting the defendant to act or to cease acting. The Court must then determine whether defendant's conduct was legally required. *See Kansas Health Care Assoc.,* 31 F.3d at 1054; *American Council of the Blind,* 992 F.2d at 250–51.

Although defendant emphasizes her intent to refile the state court prosecutions, she does not deny that plaintiffs' action prompted her decision to dismiss the criminal charges and the Court is satisfied as a factual matter that plaintiffs' action was a substantial motivating factor in this regard.[8] Moreover, the Court finds that plaintiffs' suit also served as a significant catalyst for legislative amendment of the criminal defamation stat-

7. See *Nadeau v. Helgemoe,* 581 F.2d 275 (1st Cir.1978). This test generally applies only when the action was resolved short of a final judgment on the merits. *See American Council of the Blind,* 992 F.2d at 250–51 (distinguishing case with judicial determination on the merits to case without such determination, but where plaintiff obtained some of the relief sought). *But see Kansas Health Care Ass'n. Inc.,* 31 F.3d at 1055–56. In that case the Tenth Circuit affirmed application of the two-part *Nadeau* test in factual circumstances similar to this case. There the Tenth Circuit vacated the district court's prelimi-

nary injunction and the district court thereafter granted defendants' motion to dismiss, holding that plaintiff lacked standing. Accordingly, the Court will consider plaintiffs' claim under this standard.

8. In his findings of fact, Judge Crow noted that the charges against Engel were dismissed "not because of the inapplicability of the statute but because of the anticipated cost of prosecution and eventual appeal." *Phelps,* 828 F.Supp. at 840.

ute in 1995. Indeed, the supplemental note on House Bill No. 2586 (amending K.S.A. § 21-4004 to include the "actual malice" requirement) indicates that defendant **requested** that the amending legislation be introduced.

To establish that they are prevailing parties, however, plaintiffs must also satisfy the second prong of the *Nadeau* test—by showing that defendant's conduct was legally required. Plaintiffs fail to satisfy this legal requirement. At first blush, plaintiffs' argument is appealing. The criminal defamation prosecutions against Phelps were enjoined and ultimately dismissed, and the legislature did amend K.S.A. § 21-4004 to include the "actual malice" requirement. None of these outcomes, however, were legally required as a result of plaintiffs' action.

Judge Crow's injunction (which the Tenth Circuit later reversed) prohibited defendant from commencing or furthering any criminal prosecution against defendants, while it was in effect. It did not require defendant to dismiss any pending charges. Defendant dismissed the charges voluntarily, and plaintiffs were lucky that the statute of limitations expired while the case was on appeal. This fortuity, however, did not confer prevailing party status on plaintiffs.

Moreover, the Tenth Circuit held that K.S.A. § 21-4004 (as it stood prior to suit) was facially valid, and it follows that the State of Kansas had no legal obligation to amend it.[9]

"The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which congress sought to promote in the fee statutes." *Kansas Health Care Ass'n. Inc.,* 31 F.3d at 1055 (citing *Texas State Teachers Assoc. v. Garland Ind. Sch. Dist.,* 489 U.S. 782, 793, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989)). No such material alteration in the parties' legal relationship occurred here.

Plaintiffs would be subject to prosecution under K.S.A. § 21-4004, in its earlier formulation, if defendant had not voluntarily dismissed the charges and allowed the statute of limitations to expire. The fact that the statute expired before the Tenth Circuit issued its decision did not make plaintiffs "prevailing parties" entitled to fees under Section 1988.

### 3. Plaintiffs' claim to fees for their successful interim relief.

■ Plaintiffs also argue they are entitled to fees because they obtained substantial interim relief. An erroneously granted injunction, however, cannot be a basis for prevailing party attorney fees. A similar claim for fees was denied in *Kansas Health Care* after the Tenth Circuit reversed the district court's entry of a preliminary injunction. The district court reasoned as follows:

> [R]egardless of how the plaintiffs stretch to argue "prevailing party" status, there simply was no change in the legal relationship between the parties. While this court did grant a preliminary injunction on the issues in the case, the Tenth Circuit vacated that injunction. The court found that the plaintiffs did not have standing to sue, which meant this court did not have jurisdiction over the controversy to issue the injunction. The effect of the Tenth Circuit's order was to render the court's preliminary injunction order void, as if it had never existed. Thus, the parties were in exactly the same position after the reversal as they were in the day the lawsuit was filed.

*Kansas Health Care Ass'n v. Kansas Dept. of Social & Rehabilitation Servs.,* 826 F.Supp. 389, 391 (D.Kan.1993). *See also Ward v. County of San Diego,* 791 F.2d 1329, 1334 (9th Cir.1986) *cert. denied,* 483 U.S. 1020, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987) (erroneously granted injunction cannot be

---

9. This case is distinguishable from *Collins v. Romer,* 962 F.2d 1508 (10th Cir.1992). In that case prisoners commenced civil rights litigation challenging the Colorado prisoner medical co-payment statute. After the prisoners filed suit, but prior to a trial on the merits, the Colorado General Assembly amended the statute to exclude most medical services from the co-payment

charge. *Id.* at 1510. The distinguishing factor between *Collins* and this case is that in *Collins,* the statutory amendment was required by law. Here, the criminal defamation statute was constitutionally valid without the 1995 amendment and the Kansas legislature was not required to amend it. *See id.* at 1513.

basis for prevailing party attorney fee award). This Court agrees, and finds that plaintiffs are not entitled to fees on the basis of any interim relief which was later reversed on appeal.

### Conclusion

For the foregoing reasons the Court finds that plaintiffs are not entitled to a fee award under 42 U.S.C. § 1988. Although plaintiffs satisfy the factual prong of the *Nadeau* test, they have failed to establish that defendant's actions were legally required. Nor are plaintiffs entitled to an award for their successful interim relief.

Because the Court finds that plaintiffs are not prevailing parties within the meaning of the statute, it need not address the question whether plaintiffs are entitled to recover fees incurred in related criminal proceedings involving Phelps' son.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion For Fees And Expenses* (Doc. # 118) filed July 19, 1996, be and hereby is overruled.